Rita J. MOOD, Plaintiff–Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, and Yasuda Fire and Marine Insurance Company of America Long Term Disability Plan, or successor(s) in interest, Defendants–Appellees.*

No. 08–2664–cv.

United States Court of Appeals, Second Circuit.

March 2, 2009.

Aba Heiman, Fusco, Brandenstein & Rada, P.C., Woodbury, NY., for Plaintiff–Appellant.

Fred N. Knopf, Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY., for Defendants–Appellees.

* The Clerk of Court is directed to amend the caption to read as shown above.

Present JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, and EDWARD R. KORMAN, District Judge.[**]

## SUMMARY ORDER

Plaintiff Rita J. Mood appeals from a May 16, 2008 Memorandum, Order, and Judgment of the District Court, granting summary judgment in favor of defendants and dismissing plaintiff's claim. We assume the parties' familiarity with the factual and procedural history of the case, though we revisit key portions of that history here.

In June 2003, Mood sued defendants Yasuda Fire and Marine Insurance Company of America Long Term Disability Plan (the "Plan") and Prudential Insurance Company of America ("Prudential"), the administrator of the Plan. Mood claimed that she was improperly denied longterm disability benefits under the Plan, which is an employee welfare benefit arrangement governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.* Following cross-motions for summary judgment, the District Court remanded the matter for further consideration and clarification of the record by Prudential, by Memorandum, Order, and Judgment dated May 31, 2005. *See Mood v. Prudential Ins. Co. of Am.*, 379 F.Supp.2d 267, 282 (E.D.N.Y.2005). The District Court closed the case administratively, but granted permission to restore the case to the calendar on a motion of either party. *Id.*

On October 24, 2005, plaintiff moved to reopen the case. On November 17, 2005, the District Court denied plaintiff's motion,

pending a final decision by Prudential. Prudential soon after completed its review and determined that plaintiff's claim was rightfully denied, which it explained in a ten-page letter sent to plaintiff on December 19, 2005. Nearly two years later, on October 24, 2007, plaintiff moved to restore the case to the active calendar. The District Court granted plaintiff's motion on October 29, 2007. After supplemental briefing and argument, the District Court issued a Memorandum, Order, and Judgment on May 13, 2008, which concluded that Prudential's determination was appropriate under any standard of review, including *de novo*, and granted defendants' motion for summary judgment and dismissed plaintiff's claim. *See Mood v. Prudential Ins. Co. of Am.*, No. 04-cv-1488 (JBW), 2008 WL 2120742 (E.D.N.Y.2008). Plaintiff filed a timely notice of appeal.

Plaintiff asks this Court to vacate the District Court's Memorandum, Order, and Judgment of May 13, 2008 and remand the matter to the District Court to consider plaintiff's claim for benefits *de novo*, with instructions to disregard evidence produced by Prudential after October 24, 2005—the date plaintiff moved to restore the case to active calendar.

We review the District Court's grant of summary judgment *de novo*. *See Demirovic v. Bldg. Serv. 32 B–J Pension Fund*, 467 F.3d 208, 211 (2d Cir.2006). Upon careful review of the record, we conclude that even disregarding evidence submitted after October 24, 2005 and applying a *de novo* standard of review, plaintiff's claim for benefits was properly denied. Accordingly, we do not consider plaintiff's other arguments.

[**] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

For the forgoing reasons, the judgment of the District Court is **AFFIRMED.**